UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

RAMCEL DUARTE RODRIGUEZ

    Plaintiff,

-vs-

FEDERAL BUREAU OF PRISONS; MR. REES; and JOHN DOE;

    Defendants.

CASE NO.: 2:22-cv-4470

## COMPLAINT

**COMES NOW** the Plaintiff, RAMCEL DUARTE RODRIGUEZ (hereinafter, the "Plaintiff"), by and through his undersigned attorneys, and respectfully alleges the following claims, as for his complaint against the above-captioned Defendants, upon information and belief as follows:

### NATURE OF THE CASE

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and seeks damages to redress multiple injuries that he suffered as a result of negligence by Defendants resulting in Assault, Battery, Negligence, and Negligent Infliction of Emotional Distress actionable under the Federal Tort Claims Act.

2. The United States is liable for the conduct that harmed the Plaintiff under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) (hereinafter, the "FTCA").

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is found upon 28 U.S.C. § 1331 (federal question) and

involves civil rights arising under the Eighth Amendment to the United States Constitution.

4.     This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

5.     The events that gave rise to this lawsuit took place in Philadelphia, Pennsylvania.

6.     Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since the Defendants are either federal agencies or federal corrections employees and the acts providing the legal basis for this Complaint occurred in Philadelphia, Pennsylvania.

7.     All conditions precedent to the maintenance of this action have been performed, have occurred prior to its institution, or have been waived.

## **PARTIES**

8.     At all times material hereto, the Plaintiff, Ramcel Duarte Rodriguez, was a federal prisoner the Federal Detention Center at 700 Arch Street, Philadelphia, Pennsylvania 19106, which is located in the Eastern District of Pennsylvania. He was the sole occupant of cell number 53 on November 23, 2020, and his inmate number is 70000-066.

9.     Defendant United States of America is the appropriate defendant under the FTCA. 28 U.S.C. §§ 1346(b), 2671, *et seq*.

10.     Defendant, Federal Bureau of Prisons (hereinafter, "FBOP") is a domestic federal governmental agency which at all times material hereto operated the Federal Detention Center location at 700 Arch Street, Philadelphia, PA.

11.     Defendant, Mr. Rees (hereinafter, "Rees") was at all material times the primary federal corrections officer who was involved in the incident involving the Plaintiff on November 23, 2020.

12.     Defendant, John Doe (hereinafter, "John Doe") was at all material times a currently

undisclosed federal corrections officer that was the other officer involved in the incident involving the Plaintiff on November 23, 2020.[1]

## FACTUAL BACKGROUND

13. The Plaintiff is a convicted federal prisoner currently placed at the Federal Detention Center in Philadelphia on 700 Arch Street, operated by Defendant FDOP.

14. On November 23, 2020, Rees and John Does were federal corrections officers at the Philadelphia Federal Detention Center on 700 Arch Street and had direct authority, custody, and control over the Plaintiff.

15. On November 23, 2020, the Plaintiff was sitting in his cell getting ready to go take a shower and wearing only his undergarments.

16. The Plaintiff resided in Cell 53 alone.

17. Another inmate named Steve Byrd (Hereinafter "Byrd") resided in Cell 54 next door to the Plaintiff

18. The Plaintiff's cell door opened so that the Plaintiff could exit to go shower.

19. Moments after the door to the Plaintiff's cell opened, Byrd entered into the Plaintiff's cell and began stabbing the Plaintiff multiple times.

20. Prior to the assault, Byrd had fashioned a metal 'shank' that he made from the metal

---

[1] Although fictitious party pleading is generally disfavored in federal court, many federal courts recognize an exception where – as here – the party is sufficiently described in the complaint so that they can be identified through discovery. Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 36 (E.D. Pa. 1990) ("Contrary to the defendants' assertions, Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed."); *see also,* Keno v. Doe, 74 F.R.D. 587, 588 n. 2 (D.N.J.1977) ("[C]omplaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served."), aff'd without opinion, 578 F.2d 1374 (3rd Cir.1978); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980) (allowing use of unnamed defendant where it was clear that discovery would uncover defendant's identity; Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hammonds v. Does I-IV, CV 10-444, 2010 WL 11537821, at *1 (W.D. Pa. May 4, 2010) (Plaintiff may use a John Doe appellation to name an unknown defendant, but also must provide as much detail as possible to permit service of process.) (*citing* Keno); Beckerman v. Weber, CIV.A. 1:06-CV-1334, 2007 WL 2301049, at *5 (M.D. Pa. Aug. 9, 2007) (*citing* Keno).

portion of his personal locker located within every inmate's cell.

21.    Byrd was a known danger in the prison by authority.

22.    By way of information and belief, Byrd was already reprimanded by prison authorities and sequestered for a physical fight on July 7, 2020, with another inmate.

23.    Rees was the corrections officer on duty on the block and Byrd actually pushed past Rees to get into the Plaintiff's cell to stab him.

24.    Rees responded to the stabbing occurring in front of him, not by attempting to save the Plaintiff or separate him from Byrd, but by actually shoving *both* inmates further into the Plaintiff's cell and then pepper spraying *both* the Plaintiff and Byrd.

25.    Incredulously, Rees locked the cell with the Plaintiff and Byrd inside of it, leaving the Plaintiff with no way to escape or defend himself from the homicidal intentions of Byrd.

26.    Further, the Plaintiff was blinded by Rees's use of the pepper spray, while the other inmate had wiped his face with the Plaintiff's sheets.

27.    Rees then left the cell for a number of minutes, while Byrd continued to stab the Plaintiff.

28.    John Doe then came to the cell, accompanied by Rees, and he again pepper sprayed both the Plaintiff and Byrd through the food window slot.

29.    John Doe and Rees pepper sprayed both the Plaintiff and Rees at least three (3) times.

30.    It was approximately ten (10) minutes before John Doe and Rees finally opened the door and entered the cell.

31.    During those ten (10) minutes, Byrd continued to stab the Plaintiff.

32.    During those ten (10) minutes, the Plaintiff received the majority of the pepper

spray injected into the cell by John Doe and Rees, as he had no way to defend himself from either the stabbing or the pepper spray.

33.    Once John Doe and Rees finally opened the cell, they removed the Plaintiff and took him to the Special Housing Unit (hereinafter, the "SHU") – otherwise known as "solitary confinement" – instead of taking him directly to medical care.

34.    At this point, the Plaintiff had been successfully stabbed at least five (5) times and was bleeding profusely.

35.    The Plaintiff had been stabbed in the shoulder, the bicep, the thigh, the ankle, and the foot.

36.    In fact, Rees and John Doe never took the Plaintiff to receive any medical care and did not provide any first aid to him.

37.    Once Rees and John Doe had secured the Plaintiff in the SHU, they contacted a nurse, who came and stitched up his injuries, including: 2 stitches in his bicep; 2 stitches in his shoulder; 8 stitches in his thigh; 2 stitches in his foot; and 2 stitches in his ankle; for a total of 16 stitches.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Eighth Amendment – Failure to Protect Inmate)**
**(*Against all Defendants*)**

38.    Plaintiff incorporates by reference paragraphs 1 through 37, because all such paragraphs are pertinent to this claim.

39.    Under the Federal Tort Claims Act (hereinafter, the "FTCA"), the United States has consented to be sued for torts committed by persons acting on its behalf. *See*, 28 U.S.C. § 2671, *et seq*.

40.    The tortious conduct that is the basis of this count is not subject to the FTCA's

discretionary function exception, or any other such exception.

41.     *Pursuant to* 18 U.S.C.A. § 4042 (a), the FDOP shall (among other things):

(1) have charge of the management and regulation of all Federal penal and correctional institutions;

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;

42.     Under Bivens, the courts have recognized that federal officials may be sued for the violation of certain constitutional rights.

43.     The 8th Amendment states, "Excessive Bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted".

44.     The 8th Amendment is applicable to a Bivens action where there is a failure-to-protect an inmate by a federal official.

45.     That violation occurs where a federal prison official knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

46.     Defendants Rees and John Doe absolutely failed to take any reasonable measures to prevent the stabbing of the Plaintiff on November 23, 2020.

47.     Defendants Rees and John Doe failed to deter or inhibit the inmate from repeatedly stabbing the Plaintiff at any time.

48.     Defendants Rees and John Doe also assisted the offending inmate by locking them together in the Plaintiff's cell.

49.     Defendants Rees and John Doe each pepper sprayed the cell, which ultimately

blinded the Plaintiff, temporarily taking away his vision.

50.     This further enabled the assailant to stab him further, while he used the Plaintiff's blanket as a makeshift mask.

51.     Defendants Rees and John Doe saw this and did nothing but wait approximately ten (10) minutes before going into the cell and finally ending the violent altercation.

52.     Then, to add insult to injury, Defendants Rees and John Doe straight to the SHU, even though the Plaintiff was bleeding from his stab wounds.

53.     Defendants Rees and John Doe only called a nurse to treat the Plaintiff's wounds after he was fully secured in the SHU.

54.     Defendants Rees and John Doe were acting as agents of FDOP and the United States.

55.     As a direct and proximate result of the illegal and unconstitutional acts of the Defendants, the Plaintiff was harmed and suffered damages for his physical injuries and their long-lasting after-effects, mental pain, emotional injury and pain, mental anguish, and has suffered damages in an amount in excess of $100,000.00.

### COUNT II
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Duty to Intervene)
### (*Against all Defendants*)

56.     Plaintiff incorporates by reference paragraphs 1 through 37, because all such paragraphs are pertinent to this claim.

57.     Under the Federal Tort Claims Act (hereinafter, the "FTCA"), the United States has consented to be sued for torts committed by persons acting on its behalf. *See*, 28 U.S.C. § 2671, *et seq*.

58.     The tortious conduct that is the basis of this count is not subject to the FTCA's

discretionary function exception, or any other such exception.

59.    *Pursuant to* 18 U.S.C.A. § 4042 (a), the FDOP shall (among other things):

(1) have charge of the management and regulation of all Federal penal and correctional institutions;

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;

60.    Defendants FDOP, Rees, and John Doe each had a duty to intervene where the safety of the Plaintiff was at stake.

61.    However, Defendants Rees and John Doe absolutely failed to take any reasonable measures to prevent the stabbing of the Plaintiff on November 23, 2020.

62.    Defendants Rees and John Doe failed to deter or inhibit the inmate from repeatedly stabbing the Plaintiff at any time.

63.    Defendants Rees and John Doe also assisted the offending inmate by locking them together in the Plaintiff's cell.

64.    Defendants Rees and John Doe each pepper sprayed the cell, which ultimately blinded the Plaintiff, temporarily taking away his vision.

65.    This further enabled the assailant to stab him further, while he used the Plaintiff's blanket as a makeshift mask.

66.    Defendants Rees and John Doe saw this and did nothing but wait approximately ten (10) minutes before going into the cell and finally ending the violent altercation.

67.    Then, to add insult to injury, Defendants Rees and John Doe straight to the SHU, even though the Plaintiff was bleeding from his stab wounds.

68.     Defendants Rees and John Doe only called a nurse to treat the Plaintiff's wounds after he was fully secured in the SHU.

69.     By engaging in the acts and omissions alleged herein, Defendants Rees and John Doe failed to act with ordinary care and breached their duty of care owed to Plaintiff.

70.     Defendants Rees and John Doe were acting as agents of FDOP and the United States.

71.     The Plaintiff suffered significant physical, mental, and emotional damages as a direct result of the Defendants' breach.

72.     As a direct and proximate result of the illegal and unconstitutional acts of the Defendants, the Plaintiff was harmed and suffered damages for his physical injuries and their long-lasting after-effects, mental pain, emotional injury and pain, mental anguish, and has suffered damages in an amount in excess of $100,000.00.

### COUNT III
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Eighth Amendment – Deliberate Indifference to Serious Medical Need)
### (*Against all Defendants*)

73.     Plaintiff incorporates by reference paragraphs 1 through 37, because all such paragraphs are pertinent to this claim.

74.     Under the Federal Tort Claims Act (hereinafter, the "FTCA"), the United States has consented to be sued for torts committed by persons acting on its behalf. *See*, 28 U.S.C. § 2671, *et seq*.

75.     The tortious conduct that is the basis of this count is not subject to the FTCA's discretionary function exception, or any other such exception.

76.     *Pursuant to* 18 U.S.C.A. § 4042 (a), the FDOP shall (among other things):

(1) have charge of the management and regulation of all Federal penal and

correctional institutions;

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;

77. Defendants FDOP, Rees, and John Doe each had a duty to obtain medical care for the Plaintiff as a result of the stabbing attack.

78. However, Defendants Rees and John Doe absolutely failed to take any reasonable measures obtain any medical care during the attack and did nothing but wait approximately ten (10) minutes before going into the cell and finally ending the violent altercation.

79. Additionally, Defendants Rees and John Doe failed to take the Plaintiff to any hospital or medical care, instead going straight to the SHU, even though the Plaintiff was bleeding from his stab wounds.

80. In fact, Defendants Rees and John Doe only called a nurse to treat the Plaintiff's wounds after he was fully secured in the SHU.

81. By engaging in the acts and omissions alleged herein, Defendants Rees and John Doe failed to act with ordinary care and breached their duty of care owed to Plaintiff.

82. Defendants Rees and John Doe were acting as agents of FDOP and the United States.

83. The Plaintiff suffered significant physical, mental, and emotional damages as a direct result of the Defendants' breach.

84. The actions and omissions of Defendants Rees and John Doe were performed knowingly, intentionally, and maliciously, and/or were performed in a reckless manner with callous and deliberate indifference to the health, safety, and civil rights of the Plaintiff, by reason

of which the Plaintiffs are entitled to an award of punitive damages

85.    The risk of harm in failing to properly treat the Plaintiff was objectively serious, and Defendants Rees and John Doe consciously knew of but disregarded that serious risk of harm.

86.    Defendants Rees and John Doe further operated to violate the Plaintiff's civil rights as protected by The Civil Rights Act, 42 U.S.C. § 1983.

87.    These deprivations under color of state law are actionable under and may be redressed by 42 U.S.C. § 1983.

88.    Qualified immunity does not apply, as it is well-settled that deliberate indifference to serious medical needs of prisoners is an Eighth Amendment violation:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical "torture or a lingering death,", the evils of most immediate concern to the drafters of the [Eighth] Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that "(i)t is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain,", proscribed by the Eighth Amendment.

Estelle v. Gamble, 429 U.S. 97, 103–04 (1976) (*quoting* Gregg v. Georgia, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)) (internal citations omitted).

89.    As a direct and proximate result of the illegal and unconstitutional acts of the Defendants, the Plaintiff was harmed and suffered damages for his physical injuries and their long-lasting after-effects, mental pain, emotional injury and pain, mental anguish, and has suffered damages in an amount in excess of $100,000.00.

### COUNT IV
### NEGLIGENCE
#### (*Against all Defendants*)

90.     Plaintiff incorporates by reference paragraphs 1 through 37, because all such paragraphs are pertinent to this claim.

91.     Under the Federal Tort Claims Act (hereinafter, the "FTCA"), the United States has consented to be sued for torts committed by persons acting on its behalf. *See*, 28 U.S.C. § 2671, *et seq.*

92.     *Pursuant to* 18 U.S.C.A. § 4042 (a), the FDOP shall (among other things):

> (1) have charge of the management and regulation of all Federal penal and correctional institutions;

> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;

93.     Defendants FDOP, Rees, and John Doe each had a duty to provide for the protection and safekeeping the Plaintiff.

94.     However, Defendants Rees and John Doe absolutely failed to take any reasonable measures to prevent the stabbing of the Plaintiff on November 23, 2020.

95.     Defendants Rees and John Doe failed to deter or inhibit the inmate from repeatedly stabbing the Plaintiff at any time.

96.     Defendants Rees and John Doe also assisted the offending inmate by locking them together in the Plaintiff's cell.

97.     Defendants Rees and John Doe each pepper sprayed the cell, which ultimately blinded the Plaintiff, temporarily taking away his vision.

98. This further enabled the assailant to stab him further, while he used the Plaintiff's blanket as a makeshift mask.

99. Defendants Rees and John Doe saw this and did nothing but wait approximately ten (10) minutes before going into the cell and finally ending the violent altercation.

100. Then, to add insult to injury, Defendants Rees and John Doe straight to the SHU, even though PLAINTIFF was bleeding from his stab wounds.

101. Defendants Rees and John Doe only called a nurse to treat the Plaintiff's wounds after he was fully secured in the SHU.

102. By engaging in the acts and omissions alleged herein, Defendants Rees and John Doe failed to act with ordinary care and breached their duty of care owed to Plaintiff.

103. Defendants Rees and John Doe were acting as agents of FDOP and the United States.

104. The Plaintiff suffered significant physical, mental, and emotional damages as a direct result of the Defendants' breach.

105. As a direct and proximate result of the illegal and unconstitutional acts of the Defendants, the Plaintiff was harmed and suffered damages for his physical injuries and their long-lasting after-effects, mental pain, emotional injury and pain, mental anguish, and has suffered damages in an amount in excess of $100,000.00.

**COUNT V**
**NEGLIGENCE: Negligent Hiring, Negligent Retention,**
**Negligent Supervision, Negligent Infliction of Emotional Distress**
**(Against Defendants United States and FDOP)**

106. Plaintiff incorporates by reference paragraphs 1 through 37, because all such paragraphs are pertinent to this claim.

107. Under the Federal Tort Claims Act (hereinafter, the "FTCA"), the United States has

consented to be sued for torts committed by persons acting on its behalf. *See*, 28 U.S.C. § 2671, *et seq.*

108.    The tortious conduct that is the basis of this count is not subject to the FTCA's discretionary function exception, or any other such exception.

109.    Defendants FDOP and the United States owed a duty of care to the Plaintiff to exercise reasonable care in hiring, retaining, and supervising its employees.

110.    Defendants FDOP and the United States knew or should have known of Defendants Rees and John Doe's incompetence and cowardice with respect to safeguarding prisoners under their care.

111.    Defendants FDOP and the United States breached their duty of care to the Plaintiff by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of the Plaintiff.

112.    Defendants FDOP and the United States each owed the Plaintiff a duty of care to properly supervise Defendants Rees and John Doe.

113.    Defendants FDOP and the United States breached their duty of care by not properly supervising Defendants Rees and John Doe with respect to the incident that forms the basis of this suit.

114.    As a result of Defendants FDOP and the United States' negligent acts, the Plaintiff reasonably feared for his safety and has suffered severe emotional distress.

115.    Wherefore, as a direct and proximate cause of the actions of Defendants FDOP and the United States, the Plaintiff has suffered damages for his physical injuries and their long-lasting after-effects, mental pain, emotional injury and pain, and mental anguish, and has suffered damages in an amount in excess of $100,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, RAMCEL DUARTE RODRIGUEZ, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

### A. COMPENSATORY DAMAGES

As a result of the intentional, reckless, deliberately indifferent, negligent and/or grossly negligent conduct of Defendants as described herein, Plaintiff has sustained injuries and damages as a result of the incidents described herein, such damages including but not limited to the following:

a) Excruciating physical pain and mental anguish.

b) Disfigurement.

c) Loss of earning capacity.

d) Physical impairment.

e) Bodily injuries.

f) Medical, hospital and nursing expenses.

g) Hedonic damages.

h) Loss of enjoyment of life.

### B. PUNITIVE DAMAGES

Pleading alternatively and without waiving the foregoing, Plaintiff is entitled to punitive damages because of Defendants' intentional, reckless, and/or deliberately indifferent conduct, malice, and/or gross negligence, in that the acts and omissions, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious

indifference to the rights, safety, or welfare of others. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their intentional, reckless, deliberately indifferent, heedless and/or grossly negligent conduct and to set an example for others that such conduct will not be tolerated.

### C. COSTS, INTEREST AND ATTORNEYS' FEES

Plaintiff seeks prejudgment interest on all monies awarded, as to allow the Defendants to profit from their wrongful conduct would amount to unjust enrichment. Plaintiff seeks all other prejudgment and post judgment interest at the maximum rate as allowed by law. Plaintiff requests an award of reasonable attorneys' fees and costs as allowed by law. Plaintiff seeks all available damages as permitted under law. Plaintiff seeks all penalties, costs, expenses, pre-judgment interest, and attorneys' fees permitted under law. Plaintiff asks that the jury set the amount of his damages. Plaintiff seeks monetary relief, including relief for actual damages suffered, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, over $1,000,000.00

### JURY DEMAND

The Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Dated: 01 NOV 2022                          Respectfully Submitted,

/s/ Andres Jalon

_____

ANDRES JALON, ESQ.
**JALON & ASSOCIATES**
17 W. Airy Street
Norristown, Pennsylvania 19401
ajalon@jalonesq.com
*Attorney for Plaintiff*

ROOK ELIZABETH RINGER, ESQ.
**THE LAW OFFICE OF ROOK RINGER**
222 San Marco Ave., Ste. "C"
St. Augustine, FL 32084
904.265.7665 (Office)
904.677.7812 (Fax)
rook@ringer.law
*Attorney for Plaintiff*
*Pro Hac Vice to be Applied For*